UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No: 7:13-CV-247-BR

| | |
|---|---|
| JOYCE LONEY, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | )   **ORDER** |
| STATE COLLECTION SERVICE, | ) |
| DOES 1-10, inclusive, | ) |
| | ) |
|     Defendant. | ) |

This matter is before the Court upon Defendant SCS's motion to stay discovery and pretrial deadlines (DE-11), and Plaintiff's motion to compel arbitration (DE-13). Defendant has responded to Plaintiff's motion, and the time for Plaintiff to respond to Defendant's motion has expired. Accordingly, the matter is now ripe for adjudication. For the reasons discussed below, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

### I.    Plaintiff's Motion to Compel Arbitration (DE-13)

Plaintiff seeks to compel arbitration with SCS. She asserts that "[t]he parties are bound" by the contract ("Agreement") attached to her motion, which includes an arbitration provision.[1] DE-13 at 1. Defendant contends that, as a non-party, it is not bound by the Agreement. DE-14. Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, a court must compel arbitration if it finds: (1) that a valid arbitration agreement exists between the parties, and (2) that the dispute before it falls within the scope of the agreement. *Mitsubishi Motors Corp. v. Soler Chrysler-*

---

[1] The posture of this request is unusual: most frequently, it is the commercial party who seeks to compel an individual to arbitrate, and the individual who resists, rather than vice versa. *See, e.g.*, DE-14 at 5 (citing cases in which debt collection companies sought to compel a debtor to arbitrate pursuant to a clause in the debtor's agreement with the creditor). Indeed, these consumer agreement arbitration clauses have been routinely decried as unfair to consumers. *See, e.g.*, Katherine Van Wezel Stone, *Rustic Justice: Community and Coercion Under the Federal Arbitration Act*, 77 N.C. L. Rev. 931 (1999).

*Plymouth, Inc.*, 473 US. 614, 626-28 (1985); *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997). Plaintiff must thus, as a threshold, establish that she and SCS are bound by the agreement that she has provided. *Adkins v Labor Ready Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002) ("In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate," *inter alia*, that an agreement to arbitrate covers the dispute between the parties); *In re Mercury Const. Corp.*, 656 F.2d 933, 939 (4th Cir. 1981) ("It is obvious from [the FAA] that in a case such as this, there are but two facts which a plaintiff seeking arbitration must establish: (1) The making of the agreement and (2) the breach of the agreement to arbitrate.").

Plaintiff's motion must be denied because she has not made even an initial showing that a valid arbitration agreement exists between her *and SCS*. In fact, several aspects of the Agreement attached to her motion undercut her claim. The Agreement sets forth the "Terms and Conditions for Services and/or Equipment Provided by Windstream" to Plaintiff. DE-13-1 at 1. Windstream is defined as "the Windstream legal entities providing Services to you and as identified on your bill." *Id.* The Agreement provides for certain resolution procedures, including arbitration, in the event of any "dispute with Windstream." *Id.* at 5. "Dispute" is defined as "any claim or controversy related in any way to Windstream's Services, including charges for Services, Equipment, Service Order(s) or our agreements pursuant to these Terms or any other agreements." *Id.* at 5. Notably, the "provisions [that] apply to arbitration" specifically exempt debt collection from the arbitration procedures, stating that "[t]his section is intended to resolve outstanding disputes between us and not to collect a debt owed by you to Windstream." *Id.* at 6; *cf. Garrett v. Margolis, Pritzker, Epstein & Blatt, P.A.*, 861 F. Supp. 2d 724, 728 (E.D.Va. 2012) (debt collection attorneys could enforce arbitration provision of creditor-debtor agreement where agreement broadly stated that claims "made by or against anyone connected with us or you or

claiming through us or you, such as . . . an employee, agent, representative, affiliated company, predecessor or successor….ND were subject to arbitration). In addition, paragraph 25 provides that Windstream may not assign the agreement to another entity without consent of the customer. *Id.* at 9.

"A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 92 (4th Cir. 1996) (quoting *United Steelworkers of America v. Warrior & Gulf Navig. Co.*, 363 U.S. 574, 582 (1960)). Here, Plaintiff has not sued Windstream, the party to the agreement; Plaintiff has sued SCS. Plaintiff has made no showing or specific assertion that Windstream's rights under the Agreement were assigned to SCS, that SCS is an intended third party beneficiary of the Agreement, or that the Agreement is otherwise enforceable against SCS. *See, e.g.*, *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 700 (2012) (enforcing arbitration where defendant seeking to compel arbitration was an assignee of the entire agreement between plaintiff and original contractor). Indeed, the Agreement expressly provides that Windstream *cannot* assign its rights without the consumer's—*i.e.*, Plaintiff's—consent. DE-13-1 at 9. And though Windstream is defined as "the Windstream legal entities providing services to you," there is no indication that SCS is a Windstream entity or that it has ever provided services *to Plaintiff*.

Given this thin record and Plaintiff's failure to make any factual showing other than a bald assertion that SCS is bound by the Windstream contract, the undersigned declines to compel arbitration. *See Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997) ("[E]ven though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate."). Accordingly, Plaintiff's motion (DE-13) is DENIED.

## II. Defendant's Motion to Stay (DE-11)

In its motion, Defendant requests that discovery be stayed during the pendency of its motion to dismiss. Rule 26(c) authorizes a court to issue orders limiting or staying discovery. Specifically:

> A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. *Tilley v. United States*, 270 F, Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. Jan. 15, 2004), *cert. denied*, 543 U.S. 819 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motions. *See id.* at 735; *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1998). Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. *Tilley*, 270 F. Supp. 2d at 734; *Simpson*, 121 F.R.D. at 263.

*Yongo v. Nationwide Affinity Ins. Co. of America*, No. 5:07-cv-94, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (footnote omitted). Moreover, a stay of discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *United States v. A.T. Massey Coal Co.*, No. 2:07-cv-299, 2007 WL 3051449, at *2 (S.D. W.Va. 2007) (*quoting Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

Defendant alleges that Plaintiff's Complaint fails to state a claim for relief. (DE-6, 7). As mentioned above, Plaintiff has not responded in objection to a stay of discovery. Because the motion to dismiss challenges the sufficiency of the Complaint on its face, it is not necessary for Plaintiff to gather facts in defense of the motion, and discovery is irrelevant to the motion. Defendant's motion to dismiss likewise could terminate all claims in this case. For these reasons, the undersigned finds that Defendant has demonstrated good cause for its request, and

therefore the instant motion to stay discovery (DE-11) is GRANTED. All discovery—including, *inter alia*, the requirements of Rules 26(a) & (f) of the Federal Rules of Civil Procedure—in this matter is stayed until Defendant's motion to dismiss (DE-6) is ruled upon.[2] If Defendant's motion is denied, the parties shall, within 15 days thereafter, confer regarding a discovery plan pursuant to Rule 26(f). The parties shall further file a proposed discovery plan and exchange mandatory initial disclosures within 15 days after this conference.

      DONE AND ORDERED in Chambers at Raleigh, North Carolina on Friday, January 31, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the parties have not yet conferred to create a discovery plan, Plaintiff has served several discovery requests upon Defendant. DE-11 at 1; *see also* DE-12. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless otherwise authorized by rule, stipulation, or order. FED. R. CIV. P. 26(d)(1). Due to the stay and the improper timing of Plaintiff's discovery requests, Defendant has no obligation to respond to these requests at this time. Plaintiff is further reminded that, pursuant to E.D.N.C. Local Rule 26.1(a), discovery materials are not to be filed with the clerk unless by order of the court.