IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-00247-BR

| | | |
|---|---|---|
| JOYCE LONEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE COLLECTION SERVICES, INC., | ) | |
|     et al., Defendants. | ) | |
| | ) | |

This matter is before the court on the motion to dismiss filed by the only named defendant, State Collection Services, Inc. ("SCS").[1] (DE # 6.) Plaintiff filed a response in opposition to SCS's motion. (DE # 9.) SCS filed a reply to plaintiff's response. (DE # 10.)

On 20 November 2013, SCS removed this action to this court from North Carolina state court. (DE #1.) Plaintiff, proceeding *pro se*, alleges in her complaint that SCS, as an entity regularly collecting debts, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq.*; and the Telephone Consumer Protection Act, 47 U.S.C. § 227, and is liable for defamation and intrusion upon seclusion. (Compl., DE #1-1.) On 25 November 2013, SCS moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (DE # 6.) Plaintiff responded on 27 December 2013, (DE # 9), after the deadline for filing a response, and SCS replied on 3 January 2014, (DE # 10). At the same time it filed its reply, SCS also moved to stay discovery and pretrial deadlines pending this court's decision on its motion to dismiss. (DE # 11.) On 14 January 2014, plaintiff filed a motion to

---

[1] Plaintiff also names "Does 1-10" as defendants, but she has not yet identified those defendants.

compel arbitration and to stay proceedings pending arbitration. (DE # 13.) SCS responded on 30 January 2014 in opposition to plaintiff's motion. (DE # 14.) The following day, Magistrate Judge William A. Webb issued an order denying plaintiff's motion to compel arbitration and granting SCS's motion to stay discovery pending this court's decision on the motion to dismiss the complaint. (DE # 15.)

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering whether the plaintiff has established a plausible claim for relief, this court is bound to accept well-pleaded facts of the complaint as true; however, conclusory assertions of law or fact are not entitled to the assumption of truth. Id. at 1949-50; see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). While a pleading filed by a *pro se* plaintiff must be liberally construed, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). District

2

courts are not required to "conjure up [facts] never squarely presented to them." Id.

Plaintiff has made virtually no factual allegations against SCS. Plaintiff's complaint, which is nearly identical to one she filed in at least one other case, alleges that SCS "regularly collects debts in the State of North Carolina," that SCS "placed approximately (5) five telephone calls" to plaintiff's cellular phone, and that SCS "never validated the alleged disputed debt." (Compare Compl., DE #1-1, with Loney v. GE Capital Retail Bank, Case No. 7:13-CV-00093-BR (E.D.N.C.) (Amend. Compl., DE # 44).) Plaintiff provides no detail on the timing or content of the calls, the nature of the "disputed debt," her efforts to communicate her dispute to SCS and other relevant parties, or any other material facts. Beyond its vague factual allegations, the complaint consists largely of legal conclusions and paraphrased statutory text, the mode of pleading specifically rejected by the Supreme Court in Twombly and Iqbal.

Further, some of the statutes cited by plaintiff appear to be inapplicable to the limited pleaded facts. For example, plaintiff alleges that SCS "initiat[ed] a telephone call to Plaintiff's cellular telephone '[u]sing an artificial or prerecorded voice to deliver a message'" without the plaintiff's prior consent in violation of 47 U.S.C. § 227(b)(1)(B). (Compl., DE #1-1, ¶ 50.) However, this statutory provision explicitly applies only to calls to "residential telephone line[s]." 47 U.S.C. § 227(b)(1)(B). Similarly, the provisions of the Fair Credit Reporting Act which plaintiff cites in support of her defamation claim apply only to "consumer reporting agencies." See 15 U.S.C. §§ 1681e(b), 1681i(a), (d). Plaintiff alleges no facts suggesting that SCS fits that term as defined in the Act. See id. § 1681a(f). Further, others of the statutory provisions cited by plaintiff bar private enforcement. See, e.g., 15 U.S.C. § 1681s-2(c)(1) (denying private suits against "furnishers of information" under § 1681s-2(a)).

3

Plaintiff is an experienced litigant in this court.  Prior to initiating the current lawsuit, plaintiff filed similar claims in six other lawsuits removed to this court.  Plaintiff has been warned previously to "provide sufficient factual and legal allegations to support all her claims" and that this court would be less lenient in the future.  <u>Loney v. GE Capital Retail Bank</u>, Case No. 7:13-CV-00093-BR (E.D.N.C.) (DE # 42, at 2).  SCS's motion to dismiss is GRANTED.  This case is DISMISSED.  The clerk is DIRECTED to enter judgment accordingly and close the case.

This 25 March 2014.

                                        W. Earl Britt
                                        Senior U.S. District Judge